**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:16-CV-500-CRS-CHL**

**JAMES BUSTER,**

**Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**                    **Defendant.**

**FINDINGS OF FACT, CONCLUSIONS OF LAW,**
**AND RECOMMENDATION**

Before the Court is the complaint of Claimant James Buster ("Claimant") filed on August 4, 2016. (DN 1.) In his complaint, Claimant seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g) (2012) ("Any individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ."). This case was referred to the undersigned Magistrate Judge for submission of findings of fact, conclusions of law, and recommendation. (*See* DN 12.)

On November 20, 2015, Claimant filed a Motion for Summary Judgment (DN 13); supporting memorandum (DN 13-1); and Fact and Law Summary (DN 13-2). On February 9, 2017, the Commissioner filed a Fact and Law Summary (DN 16). Thus, this matter is ripe for review.

For the reasons set forth below, the undersigned Magistrate Judge recommends that the final decision of the Commissioner be reversed and, pursuant to sentence four of 42 U.S.C. § 405(g), this case be remanded to the Commissioner for further proceedings consistent with this report and recommendation.

1

# I.     FINDINGS OF FACT

Claimant received supplemental social security income benefits as a child due to a brain tumor and seizures. (R. 66.)   Upon reaching the age of eighteen, Claimant's eligibility for disability benefits was re-determined under the rules for determining disability in adults.   On February 25, 2015, Administrative Law Judge ("ALJ") Roger Reynolds held a hearing in Lexington, Kentucky.   (R. 27.)   Claimant was present and represented by counsel Stacey Hibbard.   (*Id.* at 29.)   Beth Wayne, Claimant's mother, was also present and testified.   (*Id.*) Additionally, William Harpool, a vocational expert, testified at the hearing.   (*Id.*)

In a decision dated April 17, 2015, the ALJ concluded that Claimant was not disabled under Section 1614(a)(3)(A) of the Social Security Act, Pub. L. No. 74-271, 49 Stat. 620 (codified as amended at 42 U.S.C. ch. 7).   (*Id.* at 21.)   In reaching that conclusion, the ALJ engaged in the five-step evaluation process promulgated by the Commissioner to determine whether an individual is disabled and made the following findings.

1. The Claimant attained age 18 on October 4, 2010, and was eligible for supplemental social security income benefits as a child for the month preceding the month in which he attained age 18.  The Claimant was notified that he was found no longer disabled as of June 1, 2011, based on a redetermination of disability under the rules for adults who file new applications.

2. Since June 1, 2011, the claimant has had the following severe impairments:  status post resection of brain tumor, a left temporal astrocytoma, with residual cognitive disorder and seizure disorder; alcohol, marijuana and benzodiazepine abuse, allegedly in remission; asocial personality traits; migraine headaches; anxiety, not otherwise specified; depression, not otherwise specified.

3. Since June 1, 2011, the claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. After careful consideration of the entire record, the undersigned finds that since June 1, 2011, the claimant has had the residual functional capacity ("RFC") to perform heavy,

2

medium, light, and sedentary work except he should engage in no climbing of ropes, ladders, or scaffolds, and no work at heights, around dangerous machinery, bodies of water, or industrial hazards; there should be no commercial driving; the claimant requires entry level work with simple repetitive procedures, no frequent changes in work routines, no requirement for detailed or complex problem solving, independent planning or the setting of goals; and should work in an object-oriented environment with only occasional and casual contact with the general public.

5. The claimant has no past relevant work.

6. The claimant was born on October 5, 1992 and is a younger individual age 18-49.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Since June 1, 2011, considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant's disability ended on June 1, 2011, and the claimant has not become disabled again since that date.

(*Id*. at 13-21.)

Claimant requested an appeal to the Appeals Council, seeking review of the ALJ's decision.   On June 3, 2016, the Appeals Council denied Claimant's request for review.   (*Id*. at 1.)  At that point, the Commissioner's decision became final.  20 C.F.R. §§ 404.981, 422.210(a); *see also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision).   Claimant timely filed this action on August 4, 2016, seeking review of the ALJ's decision.  (DN 1.)

## II.    CONCLUSIONS OF LAW

The Social Security Act authorizes payment of supplemental social security income to persons with disabilities. Social Security Act, Supplemental Social Security Income, 42 U.S.C. §§ 1381-85 (2012).  An individual shall be considered disabled if "he is unable to engage in any

3

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. § 404.1505(a); 20 C.F.R. § 416.905(a).

### A.  Standard of Review

In conducting its review, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Sec'y of Health and Human Servs.*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson,* 471 F.2d 1265 (6th Cir. 1972)).  Rather, the Court's review is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence" and that the correct legal standards were applied.  42 U.S.C. § 405(g); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *Cole v. Comm'r of Soc. Sec.*, 661 F.3d 931, 937 (6th Cir. 2011).  If the answer is "yes," then the Court may not even inquire as to whether the record could support a decision the other way.  *Smith v. Sec'y of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989).

"Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sec'y of Health and Human Servs.*, 2 F.3d 692, 695 (6th Cir. 1993) (quoting *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)) (internal quotation marks omitted).  Therefore, "[a] reviewing court will affirm the Commissioner□s decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart*, 710 F.3d at 374.

4

B.     **Five-Step Sequential Evaluation Process**

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating a disability claim.   20 C.F.R. §§ 404.1520, 416.920.  In summary, the evaluation proceeds as follows:

(1)     Is the claimant engaged in substantial gainful activity?  If the answer is "yes," the claimant is not disabled.  If the answer is "no," proceed to the next step.

(2)     Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to perform basic work activities?  If the answer is "no," the claimant is not disabled.  If the answer is "yes," proceed to the next step.

3)     Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1 to Subpart P of Part 404 of this chapter? If the answer is "yes," the claimant is disabled.  If the answer is "no," proceed to the next step.

4)     Does the claimant have the RFC to return to his or her past relevant work?  If the answer is "yes," then the claimant is not disabled.  If the answer is "no," proceed to the next step.

5)     Even if the claimant cannot perform past relevant work, does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?  If the answer is "yes," the claimant is not disabled.  If the answer is "no," the claimant is disabled.

*Id.*

The claimant bears the burden of proof with respect to the first four steps.  *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422-23 (6th Cir. 2008).   The burden shifts to the Commissioner at the fifth step to prove that there are available jobs in the national economy that

the claimant is capable of performing.  *Id*. at 423.  The claimant, however, always retains the burden of proving lack of RFC.  *Herr v. Comm'r of Soc. Sec*., 203 F.3d 388, 392 (6th Cir. 1999).

### C.    Claimant's Contentions

Claimant contests Findings 3, 4, 9, and 10.  The Court will address each contention below.

### 1.    Finding 3

In Finding 3, the ALJ determined that Claimant did not have an impairment or combination of impairments that meets or equals the severity of the listed impairments under 20 C.F.R Part 404, Subpart P, Appendix 1.

The Claimant takes issue with the ALJ's failure to find that the Claimant's status post resection of brain tumor with residual disorder met or was equal to a listed impairment.  The ALJ's entire analysis of this issue was as follows:  "[T]he Administrative Law Judge considered the criteria in Listing 11.00 for seizure disorder, as well as the criteria in section 13.00 for a history of brain tumor."  (Tr. 17.)

Claimant contends that his seizure disorder fits under both epilepsy listings, 11.02 and 11.03, and therefore the ALJ's conclusion was unsupported by substantial evidence. Listing 11.02 concerns convulsive epilepsy occurring more frequently than once a month in spite of at least three months of prescribed treatment. 20 C.F.R. Part 404, Subpart P, app. 1, Section 11.02 (2015).  Listing 11.03 concerns non-convulsive epilepsy occurring more frequently than once a week in spite of at least months of prescribed treatment. *Id*. at § 11.03.

Claimant argues that the ALJ's failure to offer a meaningful evaluation of the evidence constitutes reversible error. On the other hand, the Commissioner maintains that an ALJ is not

required to discuss a listing that the claimant clearly does not meet. The Commissioner further contends that Claimant plainly did not meet either Listing as the ALJ determined that Claimant was non-compliant with treatment and both Listing 11.02 and 11.03 require adherence to at least three months of prescribed treatment

First, it must be determined if and when the ALJ is required to discuss a particular listing. The Commissioner is correct in that an ALJ is not required to discuss listings that a claimant clearly fails to meet. *See Sheeks v. Comm'r of Soc. Sec. Adm'n*, 544 F. App'x 639, 641 (6th Cir. 2013). However, if the record "raise[s] a substantial question as to whether [the claimant] could qualify as disabled" under a listing, the ALJ should discuss that listing. *Id.* at 641 (citing *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)).  "[A] claimant must do more than point to evidence on which the ALJ could have based his finding to raise a substantial question as to whether he has satisfied a listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) (citing *Sheeks*, 544 F. App'x at 641-42). Instead, the claimant must refer to "specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." *Smith-Johnson*, 579 F. App'x 426, 432. The ALJ does not commit reversible error by failing to discuss a listing if such specific evidence is absent. *Id.*

Here, Claimant has raised a substantial question as to whether he meets a listing. Claimant offered evidence that he was suffering from both convulsive and non-convulsive seizures at the Listings' requisite frequency, and therefore could have reasonably met either Listing 11.02 or 11.03. Specifically, Claimant referred to several medical records that describe the frequency of each seizure. (Cl. Br. 5). In May 2013, Claimant informed Dr. Steeves that on a bad day he was having two to three seizures every day, and going only three days at a time

7

without any episodes. (R. 510). In December 2014, Dr. Blandford recorded that Claimant was experiencing one to three seizures per month. (R. 545). Consequently, there is a substantial question as to whether the frequency of these seizures reasonably qualifies Claimant as disabled under the Listings. As a result, the ALJ should have considered whether the Claimant's seizure disorder met Listings 11.02 and 11.03. Because Claimant has pointed to specific evidence that raises a substantial question, the ALJ has committed reversible error.

Additionally, in determining whether a Claimant's impairment meets or equals a listing, an ALJ "must actually evaluate the evidence, compare it to the requirements of the relevant Listing, and provide an explained conclusion, in order to facilitate meaningful judicial review." *Harvey v. Comm'r of Soc. Sec.*, No. 16-3266, 2017 WL 4216585, at 5 (6th Cir. Mar. 6, 2017) (citing *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x. 411, 416 (6th Cir. 2011)). Without an evaluation or explained conclusion it is "impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." *Id.* (citing *Reynolds*, 424 F. App'x. at 416). Moreover, when an explanation is absent, a reviewing court may not "fill the gap" in the ALJ's analysis or "speculate what the ALJ may have concluded had he considered the medical evidence under the criteria" in the relevant listings. *Id.* at 6; *See Thomas v. Colvin*, 826 F.3d 953, 959 (7th Cir. 2016) ("The Commissioner insists that the ALJ's omission of discussion of the 2010 ACR criteria was harmless because Thomas has not shown that the ALJ overlooked evidence that would have satisfied these criteria. This argument is unconvincing because, without any analysis from the ALJ, there is no basis for drawing any conclusions about what evidence he considered or overlooked."). According to the Sixth Circuit, "this is because in dealing with a determination ... which an administrative agency alone is authorized to make, [courts] must judge the propriety of

8

such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis." *Id.* (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).  The Court may not apply a harmless error review when an ALJ's lack of Step 3 analysis requires a district court to fill in the gaps of the analysis and speculate about the ALJ's reasons for his conclusion. *Harvey*, No. 16-3266, 2017 WL 4216585, at 7. In this situation, a court must vacate and remand because the ALJ committed an error of law; this is true "even if the factual determinations are otherwise supported by substantial evidence and the outcome on remand is unlikely to be different." *Id.* (citing *Reynolds*, 424 F. App'x. at 414).

The Court recognizes that the ALJ stated that he considered Listing 11.00.  But the ALJ did not discuss how the evidence or testimony led him to make his determination.  Accepting the Commissioner's inference that the Claimant did not meet either 11.02 or 11.03 because he was non-compliant with his medication would require this Court to speculate as to the ALJ's reasoning for concluding that Claimant did not meet either listing; it would also require the Court to look elsewhere in the opinion to "fill the gap" left by the ALJ's lack of analysis.  *Harvey,* No. 16-3266, 2017 WL 4216585, at 6.   Although the ALJ did discuss non-compliance with medications in Finding 4 with respect to RFC, the ALJ does not cite this as the reason for finding that the Claimant's epilepsy did not meet a listing in Finding 3.

Without an explanation of the ALJ's Step 3 analysis, this Court cannot determine whether the ALJ's findings are supported by substantial evidence and therefore cannot affirm the ALJ's decision. *Id*. Because the ALJ failed to offer an explanation for determining that neither 11.02 nor 11.03 are met, the Court will not apply a harmless error review.   Therefore, the

undersigned concludes that this Court should vacate and remand the ALJ's decision even though the outcome on remand may not be different. *Id.*

### 2.      Findings 4, 9, and 10

Claimant also objects to Findings 4, 9, and 10, alleging that they are not supported by substantial evidence. The undersigned concluded that the ALJ must consider on remand whether the Claimant's seizure disorder met Listings 11.02 and 11.03. If the ALJ finds that Claimant meets a listing, then the analysis ends because Claimant will be deemed disabled. Therefore, the Court will not address Findings 4, 9, and 10.

## III.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the final decision of the Commissioner be REVERSED and, pursuant to sentence four of 42 U.S.C. § 405(g), this case be REMANDED to the Commissioner to remedy this defect in the original proceedings.

cc:  Counsel of record

### <u>Notice</u>

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, any party may serve and file specific written objections to these findings and recommendations. *Id.*; Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections. Fed. R. Civ. P. 72(b)(2).