UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES BUSTER                                                                                         PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:16CV-500-CRS

NANCY A. BERRYHILL, ACTING COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                              DEFENDANT

## **MEMORANDUM OPINION**

This matter is before the court for consideration of the objections of the defendant, Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, to the Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge in this appeal from a denial of supplemental security benefits. The court has conducted a *de novo* review of the record and those portions of the magistrate judge's report to which the Commissioner objects. We are in agreement with the magistrate judge's findings and recommendation.

The plaintiff, James Buster, received supplemental disability benefits as a child, but was determined on June 1, 2011 to no longer be disabled, and benefits were terminated. Buster appealed the decision, was granted a hearing, and the administrative law judge ("ALJ") upheld the decision. Buster seeks review of the final decision of the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g).

The magistrate judge considered Buster's motion for summary judgment, his fact and law summary, and the fact and law summary submitted by the Commissioner, and recommended that

the final decision of the Commissioner be reversed and the case be remanded for further proceedings.

When Buster was fifteen years old, he had a brain tumor, an astrocytoma, for which he had a successful surgical resection. He did not have radiation or chemotherapy. He has had complex partial and generalized tonic clonic seizures since then and has been on seizure medication. At the time of the ALJ's decision, Buster was 22 years old. He has a GED. He has never held a paying job. When he turned 18, his eligibility for social security disability benefits was redetermined under the rules applicable to adults, as required by Section 1614(a)(3)(H) of the Social Security Act.

In his review, the ALJ framed the issue as

> [W]hether the claimant is disabled under section 1614(a)(3)(A) of the Social Security Act. Disability is defined as the inability to engaged in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

DN 11-2, PageID #60. He concluded that

> After reviewing all of the evidence, the undersigned Administrative Law Judge concludes the claimant's disability ended on June 1, 2011, and the claimant has not become disabled again since that date.

*Id.*

The magistrate judge considered the ALJ's decision and concluded that the ALJ committed an error of law at step three of the mandated five-step sequential evaluation process in determining whether Buster is disabled. As correctly explained,

> At step three, the [ALJ] must determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR

2

> 416.920(d), 416.925, and 416.926). If the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of a listing and meet the duration requirement (20 CFR 416.909), the claimant is disabled. If it does not, the analysis proceeds to the next step.

DN 11-2, PageID #61. The magistrate judge found that Buster offered evidence that he was suffering from both convulsive and non-convulsive seizures at the requisite frequency to have reasonably met either Listing 11.02 or 11.03. DN 18, PageID #769. He found that Buster referred to several medical records which raised a substantial question as to whether the frequency of his seizures reasonably qualifies Buster as disabled under the Listings and, "[a]s a result, the ALJ should have considered whether [Buster]'s seizure disorder met Listings 11.02 and 11.03." *Id.*, PageID #770.

The ALJ stated at step three that "To determine whether [Buster]'s clinical findings meet or equal in severity the most closely applicable section in the List of Impairments, Appendix 1, Subpart P, Regulations No. 4; the Administrative Law Judge considered the criteria in Listing 11.00 for seizure disorder, as well as the criteria in section 13.00 for a history of brain tumor." DN 11-2, Page ID #64. The ALJ did not articulate how his evaluation of the evidence lead him to the conclusion that Buster's impairment or combination of impairments failed to meet or medically equal the severity of one of the listed impairments.

11.00 states that "Under 11.02 and 11.03, the criteria can be applied only if the impairment persists despite the fact that the individual is following prescribed antiepileptic treatment. Adherence to prescribed antiepileptic therapy can ordinarily be determined from objective clinical findings in the report of the physician currently providing treatment for epilepsy…" 11.02 lists convulsive epilepsy occurring more frequently than once a month in spite

of at least three months of prescribed treatment. 11.03 lists non-convulsive epilepsy occurring more frequently than once a week in spite of at least three months of prescribed treatment.

The magistrate judge found that "[t]he Court may not apply a harmless error review when an ALJ's lack of Step 3 analysis requires a district court to fill in the gaps of the analysis and speculate about the ALJ's reasons for his conclusion," citing *Harvey v. Comm'r of Soc. Sec.,* No. 16-3266, 2017 WL 4216585 (6th Cir. Mar. 6, 2017)(which cites *Reynolds v. Comm'r of Soc. Sec.,* 424 Fed.App'x. 411 (6th Cir. 2011)). The Commissioner does not dispute that the ALJ said nothing at step three beyond that he considered the 11.00 and 13.00 criteria. Instead, the Commissioner argues that *Harvey* is not binding precedent for this court while *Price v. Heckler*, 767 F.2d 281 (6th Cir. 1985) is published and should be relied upon by the court. The problem with this argument is that the proposition for which the Commissioner cites *Price* is nowhere to be found in that case. *Price* does not hold that "an ALJ's decision that offered no reasons for finding that a claimant did not meet a Listing would not be overturned because minimal articulation is required at step three." DN 19, Page ID #774. The court in *Price* stated only that it was not persuaded that the ALJ's findings in that instance were legally insufficient, although the findings of fact, the court noted, could have been stated with more particularity. 767 F.2d at 284.

As noted in *Reynolds*, 424 Fed.App'x. at 414, "[A]n ALJ must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.' 5 U.S.C. § 557(c)(3)(A). The reasons requirement is both a procedural and substantive requirement, necessary in order to facilitate effective and meaningful judicial review." Further, "an ALJ's failure to properly analyze at Step Three is not remedied by the conclusions reached by the ALJ at Steps Four and Five. *McDaniel v. Comm'r*

*of Soc. Sec.,* No. 3:14CV 551, 2015 WL 458065 at *10 (N.D.Ohio Feb. 3, 2015)(citing *Reynolds*, 424 Fed.App'x at 416). "When an ALJ fails to make a determinative and necessary finding of fact in a sequential step, a reviewing court should not "fill the gap." The court must remand, even if the factual determinations are otherwise supported by substantial evidence and the outcome on remand is unlikely to be different." *Id.* at 414.

The Commissioner contends that Buster could not meet the threshold requirement found in 11.00 of compliance with prescribed antiepileptic treatment, and therefore the ALJ need not have discussed the criteria in 11.02 and 11.03. The Commissioner points to a finding made by the ALJ at step four that "[t]he claimant is frequently non-compliant with his seizure medicines and he frequently turns up positive on his drug screens for marijuana and benzodiazepines." The ALJ quoted from a treatment record that noted Buster as "an extremely difficult patient, and is not cooperative or compliant with his medication…" DN 11-2, PageID #66.

The magistrate judge correctly noted, however, that "[a]lthough the ALJ did discuss non-compliance with medications in Finding 4 with respect to RFC, the ALJ does not cite this as the reason for finding that the Claimant's epilepsy did not meet a listing in Finding 3." DN 18, PageID #771. The magistrate judge found that Buster identified evidence which raised a substantial question as to whether he meets Listing 11.02 or 11.03, noting certain medical records that might indicate that he meets the requisite frequency of convulsive and/or non-convulsive seizures.

The criteria in Listing 11.00 for seizure disorder appear at 11.02 and 11.03. The ALJ states that *he considered the criteria*. The Commissioner suggests, however, that in light of the statements at step four concerning non-compliance with treatment, the ALJ did not and need not consider the criteria. The court is unable to discern from the ALJ's decision upon what basis he

5

determined that Buster's impairment or impairments failed to meet or medically equal in severity a Listed Impairment.  We could fill the gaps, as the Commissioner suggests, by concluding that the ALJ's findings at step four concerning non-compliance indicate that Buster cannot meet the prerequisite of 11.00 that "the impairment persist despite the fact that the individual is following prescribed antiepileptic treatment," and therefore the 11.02 and 11.03 criteria do not apply, and the ALJ thus correctly did not apply them.   However, as the ALJ stated without further amplification that *he considered the criteria for seizure disorder*, it is equally possible that the ALJ determined that the evidence failed to establish that Buster's seizures met the frequency and duration requirements.

The magistrate judge correctly found that without an analysis in the ALJ's step three finding, this court cannot guess at the ALJ's findings concerning Buster's impairment or combination of impairments at step three and, as such, the ALJ's findings at step three evade meaningful review.  We will therefore accept and adopt the magistrate judge's report in its entirety and will reverse and remand the final decision of the Commissioner to remedy the omission. A separate order of remand and separate judgement will be entered herein this date in accordance with this opinion.

February 22, 2018

**IT IS SO ORDERED**.        **Charles R. Simpson III, Senior Judge**
                             **United States District Court**